LOREN MUNS AND ANOTHER v. J. W. MOOTY.[1]

August 1, 1924.

No. 23,984.

**Vendor and purchaser—personal judgment against defendant unwarranted.**
The facts found by the trial court are sustained by the evidence and warrant a judgment affirming the title of defendant as the assign of the vendee in the land contract described in the complaint upon condition that defendant first pay plaintiffs the amount with interest which they paid the vendor to prevent cancelation of the contract after its assignment to defendant. But the evidence and facts found do not authorize a personal judgment against defendant for the amount so paid.

Action in the district court for Nobles county to set aside a land contract and for other relief. The facts are given at the beginning of the opinion. The case was tried before Nelson, J., who when plaintiffs rested denied defendant's motion to dismiss, made findings and ordered judgment affirming the contract of August 1, 1921, and awarding plaintiffs $1,932.19, with interest, and $2,200 paid

[1] Reported in 199 N. W. 925.

into court. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

E. J. Jones and J. A. Cashel, for appellant.

Canfield & Michael, Henry A. Mueller and E. W. Fiske, for respondents.

QUINN, J.

Edward Muns held a contract from Gerke Heidebrink for a deed to 320 acres of land in Nobles county which the latter owned. On March 1, 1920, Muns assigned the contract to his two minor sons, Loren and Robert. The boys would not become 21 years of age until May 8, 1922, and September 22, 1923, respectively. It was specified in the assignment that the assignees were to keep and perform all of the terms and conditions of the contract of sale, which of course would include the payment of the interest thereon.

On August 1, 1921, the sons sold and assigned all their right, title and interest in said contract and the land therein described to the defendant Mooty, who immediately went into and has ever since remained in possession thereof. The defendant failed to pay the interest which became due on April 2, 1922, upon the contract, and thereafter his assignors caused the same to be paid in order to protect and preserve the contract of sale. The interest amounted to $1,982.19 per annum and became due and payable on April 1 of each year. In the assignment to him, defendant did not obligate himself to pay the interest on the contract.

On April 5, 1923, the interest which became due April 1 of that year not having been paid, Heidebrink caused a notice of cancelation of the contract to be served upon Mooty, who was in possession of the premises, and upon Edward Muns, the grantee therein named, because of the nonpayment of the interest due and unpaid. On April 17 a guardian ad litem was appointed for Robert Muns, for the purpose of instituting proceedings to disaffirm the assignment which the two boys had given the defendant. The present action followed.

The facts are quite fully set forth in the complaint, and the prayer for judgment asks for the cancelation of the assignment to

Mooty, and for such other relief as to the court may seem meet and equitable. The answer puts in issue all of the material allegations of the complaint, denies that either Loren or Robert Muns ever in any way performed any of the conditions contained in the assignment of the contract by their father to them, or ever intended so to do, or that they ever paid or agreed to pay any consideration for such assignment. The answer further contains allegations to the effect that the father, Edward Muns, was in 1920 indebted to divers parties in a sum exceeding $29,000; that he was unable to meet and pay the same; that actions had been commenced against him to recover thereon; that, as a result of the foregoing, proceedings were instituted in the Federal court at Sioux Falls to have him declared an involuntary bankrupt; that while such proceeding was in process of litigation on August 1, 1921, the said Edward Muns entered into a written agreement with the defendant Mooty, his creditors acquiescing, whereby Mooty was to act·as trustee in receiving the assignment of the Heidebrink contract, as well as other securities, for the creditors of Edward Muns; that, at the time of the execution of the assignment by the sons to the defendant, it· was understood by all of the interested parties that Edward's sons had no legal right nor title to the Heidebrink contract, and that Edward Muns was to have their apparent interest therein canceled and set aside for the benefit of his creditors. The answer asks that the defendant be decreed the owner of the Heidebrink contract, and for costs and disbursements, and asserts that plaintiffs have no right, title nor interest therein. The reply is a general denial.

As stated on behalf of the appellant in the brief before us, when the interest became due in the spring of 1922, the defendant refused to pay the same or any part thereof until the title to the land was perfected as per his stipulation which he claims to have made with Edward Muns on August 1, 1921; that Heidebrink then caused to be served a notice of cancelation of his contract on account of the nonpayment of such interest; that thereafter the interest was paid by some party to the defendant unknown, and the contract was thereby reinstated; that when the April, 1923, instal-

ment of interest became due, defendant again refused to pay until the title was cleared and the assignment to the minor sons disposed of; that Heidebrink thereupon caused another notice of cancelation of the contract to be served. The plaintiffs, with this condition confronting them, brought into court and left with the clerk $2,200 to protect the contract on account of the nonpayment of the 1923 interest. No claim was then made by the appellant that he was not liable for the payment of the two years' interest, if he wished to preserve or protect the contract.

At the close of the testimony, as shown by the record, the defendant moved the court to dismiss the action upon the ground that the proofs supported the allegations of the answer. The motion was denied by the court but, with the consent of the plaintiffs, it made and filed an order adjudging and decreeing the affirmance of the assignment of the contract given by the minor sons, Loren and Robert, to the defendant on August 1, 1921, as prayed for in the answer; and, further, that plaintiff have and recover judgment against the defendant for $1,932.19 with interest from May 16, 1922, and that they be permitted to withdraw the amount left with the clerk.

The action was, of course, properly disposed of insofar as the judgment affirms the title of defendant as a vendee's assign of the land contract, since plaintiffs at the trial consented that their assignment thereof to him, made when minors, should stand affirmed. But the personal money judgment against defendant for the amount paid the vendor after such assignment, in order to prevent a cancelation of the contract, is not warranted by the record. It is no doubt true that defendant purposely failed to pay this amount so that the vendor might cancel the contract and thus cut off the right of plaintiffs to have their assignment to defendant set aside, and then make a new contract of sale with defendant; and it is likewise true that the amount was paid the vendor so as to prevent that result. There can be no question that, if the assignment made by plaintiffs to defendant was to be affirmed by them when of age, it was the duty of defendant to pay the vendor the amount that was paid on May 16, 1922. Defendant took over the con-

tract August 1, 1921, as it then was with no obligation on the part of either Edward Muns or the minors to make any further payments to the vendor.   But defendant did not request the minors to make the payment of May 16, 1922, nor was the situation of the parties such that the law could imply a request from him to pay so as to raise an obligation upon which to predicate a personal judgment in their favor.   Indeed, the facts found indicate that defendant desired the default to be permanent.   However, the payment, made by plaintiffs as testified to by Edward Muns, was made while they were minors and under such circumstances that an affirmance of their assignment of the contract to defendant should be upon the condition that he pay them $1,932.19 with interest at 6 per cent from May 16, 1922; that they have a lien upon defendant's interest under said contract in the land described therein, and, should defendant fail to pay said amount within a time fixed by the court, then that such interest be sold to satisfy such amount with costs of sale.   But in no event could there upon this record be a personal judgment for the amount or for any deficiency after sale.   In other respects the judgment is right.

The judgment is reversed with direction to the court below to modify its conclusions of law and enter judgment in conformity to this opinion.